**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   FREDERICK STIVENDER,                        No. C-06-7195 MMC

12              Petitioner,                       **ORDER TO SHOW CAUSE; ORDER
                                                  DENYING MOTION FOR EXPEDITED**
13      v.                                        **REVIEW**

14   ANTHONY KANE, Warden,                        (Docket No. 6)

15              Respondent.

16   _____/

17

18          On November 20, 2006, petitioner, a California prisoner incarcerated at the

19   California Training Facility, Soledad, filed the above-titled petition for a writ of habeas

20   corpus pursuant to 28 U.S.C. § 2254, challenging the determination by the California Board

21   of Prison Hearings ("Board") that petitioner is unsuitable for parole.  On January 11, 2007,

22   petitioner filed a motion for expedited review of his petition.

23                                        **BACKGROUND**

24          In 1989, in San Mateo County Superior Court, petitioner was convicted of second

25   degree murder and assault with a firearm, and was sentenced to a term of twenty-four

26   years to life in state prison.  The Board has denied him parole on two occasions.  In the

27   instant petition, petitioner challenges the Board's March 3, 2005 denial of parole.  He has

28   challenged the Board's decision in habeas petitions filed at all three levels of the California

     courts.

**DISCUSSION**

**A.     Standard of Review**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  See 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison,  431 U.S. 63, 75-76 (1977)).

**B.     Petitioner's Claims**

Petitioner contends the Board has violated his Constitutional rights by denying him parole without any relevant or material evidence to support its decision.  Liberally construed, petitioner states a cognizable claim that the Board has violated his federally protected liberty interest in being released on parole.  See Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006).

**C. Motion for Expedited Review**

As noted, petitioner has filed a "motion for expedited review" of his petition.  In support thereof, petitioner submits an unsworn memorandum from Timothy W. Friederichs, M.D. ("Dr. Friederichs"), in which Dr. Friederichs states petitioner suffers from, inter alia, "chronic hepatitis C with advanced cirrhosis" and that, without a liver transplant, petitioner's life expectancy is six to twelve months.  Petitioner additionally submits a declaration from counsel, attesting that petitioner's health has "seriously decline[d] in recent months."  (See Defilippis Decl. ¶ 3.)

As legal support for his motion, petitioner cites Circuit Rule 27-12, a rule of appellate procedure that is inapplicable to habeas proceedings in the district court.  Moreover, the

2

Court has numerous habeas petitions pending before it, all of which are of great importance to the petitioners therein.  Nevertheless, although the Court declines to grant the motion, the Court is aware of the equities involved, and will keep them in mind, once briefing has concluded, when ruling on the instant petition.

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1.      Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claim.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously that are relevant to a determination of the issues presented by the petition and that have not previously been filed with the Court.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

2.      In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of receipt of any opposition.

3.      Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

4.      It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

1    5.    Upon a showing of good cause, requests for a reasonable extension of time

2    will be granted as long as they are filed on or before the deadline which they seek to

3    extend.

4    6.    Petitioner's motion for expedited review of his petition is hereby DENIED.

5    This order terminates Docket No. 6.

6    **IT IS SO ORDERED.**

7

8    Dated: January 26, 2007                    MAXINE M. CHESNEY
                                                 United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4